UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

v.

EDWARD BURTON LEY,

                Defendant.
_____/

CRIMINAL NO. 11-CR-20358

HON. THOMAS L. LUDINGTON

## **PRELIMINARY ORDER OF FORFEITURE**

Now comes Plaintiff, the United States of America, Barbara L. McQuade, United States Attorney, together with Julie Beck, Assistant U.S. Attorney, and hereby submits the following Preliminary Order of Forfeiture:

WHEREAS, an Information was filed on or around June 2, 2011, which charged Defendant Edward Burton Ley with possession of child pornography pursuant to 18 U.S.C. § 2253A(a)(5)(B).

WHEREAS, on July 20, 2011, Defendant Edward Burton Ley plead guilty to Count One of the Information, which charged Defendant Edward Burton Ley with possession of child pornography pursuant to 18 U.S.C. § 2253A(a)(5)(B), and agreed to the forfeiture of his interest, pursuant to 18 U.S.C. § 2252A(a)(5)(B) and 18 U.S.C. § 2253(a)(3), in the following property involved in his conviction:

1.     One Hewlett Packard laptop, Model # Pavilion dv6000, Serial # CNF7231N9M; and

2.     One Seagate hard drive, Serial # 5MA27XV2, Capacity 160 GB.

Upon entry of this Stipulated Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

The United States shall publish on [www.forfeiture.gov](www.forfeiture.gov), notice of this preliminary forfeiture order and of its intent to dispose of the above-named property in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n). Said notice shall direct that any person other than the Defendant asserting a legal interest in the property may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the property. The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the property.

After the disposition of any motion filed under Fed.R.Crim.P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to Defendant Edward Burton Ley at the conclusion of the publication described above. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).

The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

**IT IS HEREBY ORDERED.**

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 27, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 27, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS